THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>JANAY L. FARMER,<br><br>     Debtor.<br>_____<br><br>NAVIENT SOLUTIONS, LLC,<br><br>             Appellant,<br><br>     v.<br><br>JANAY L. FARMER,<br><br>             Appellee. | CASE NO. C17-0764-JCC<br><br><br>ORDER AFFIRMING<br>BANKRUPTCY COURT |

This matter comes before this Court on Appellant Navient Solutions, LLC's ("Navient") Brief (Dkt. No. 10), Appellee Janey Farmer's ("Farmer") Brief (Dkt. No. 13) and Navient's Reply (Dkt. No. 14). Having considered the briefs and other papers submitted by the parties, and determining that oral argument is unnecessary, this Court AFFIRMS the decision of the bankruptcy court.

I.      BACKGROUND

Navient appeals a decision by the bankruptcy court denying its motion to compel arbitration on a loan it services between Farmer and Sallie Mae (Dkt. No. 10). *See In re Farmer*,

567 B.R. 895, 897–98 (Bankr. W.D. Wash. 2017). Farmer took out the loan in 2010 to finance her post-graduate bar examination. *Id.* She never repaid it, and in 2016 filed a Chapter 7 bankruptcy case, scheduling the loan as a $20,751.15 unsecured claim. *Id.* Farmer does not dispute the applicability or enforcement of an arbitration clause contained within the Note. *Id.* But she contends that because arbitration would address a core bankruptcy matter—whether the loan is a non-dischargeable education debt—the bankruptcy court has discretion to retain jurisdiction to resolve the matter. *Id.* The bankruptcy court agreed, denying Navient's motion to compel arbitration and to dismiss or to stay the case pending arbitration. *Id.* Navient appeals this decision. (Dkt. No. 10.)

## II.   DISCUSSION

This Court may review the bankruptcy court's decision. 9 U.S.C. § 16(a)(1)(A)–(B); 28 U.S.C. § 158(a)(1). Conclusions of law are subject to *de novo* review. *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016). Discretionary matters are reviewed "only for an abuse of discretion." *Id.*

### A.   Statutes Conflicting with the Federal Arbitration Act

In *Shearson/Am. Exp., Inc. v. McMahon*, the Supreme Court held that even though the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "establishes a federal policy favoring arbitration . . . the [FAA's] mandate may be overridden by a contrary congressional command." 482 U.S. 220, 227 (1987). The Court went on to articulate a three-factor test to allow courts to assess whether another statute reflects Congress's desire to override the FAA. *Id.* Courts are to examine: (1) the text of the statute; (2) the statute's legislative history; and (3) absent such express conflict, whether an inherent conflict exists between arbitration and the underlying purposes of the statute. *Id.*

At issue in this case is whether the Bankruptcy Code, 11 U.S.C. § 1 *et seq.*, represents a contradictory statute. Farmer concedes "that there is nothing in the text or legislative history of the Bankruptcy Code evincing Congressional intent to override the FAA." (Dkt. No. 13 at 22.)

1   Therefore, the question before this Court is limited to the third factor—whether an inherent

2   conflict exists between the underlying purpose of the Bankruptcy Code and arbitration.

3          Navient argues that Supreme Court jurisprudence has evolved since *McMahon* and no

4   longer includes the inherent conflict factor. (Dkt. No. 10 at 34.) It asserts the bankruptcy court

5   misapplied Supreme Court precedent in relying on an inherent conflict between the Bankruptcy

6   Code and arbitration to conclude that it had discretion to refuse to compel arbitration. (Dkt. No.

7   10 at 29.) In support, Navient cites *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012), and

8   *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013). In both cases, the Supreme Court

9   considered solely the text and legislative history of potentially-conflicting statutes to address

10  whether a congressional command existed.[1] *See CompuCredit*, 565 U.S. at 104; *Italian Colors*,

11  133 S. Ct. at 2308–09. But as the bankruptcy court noted here, "[i]n neither case did the Supreme

12  Court specifically apply the *McMahon* factors." *In re Farmer*, 567 B.R. at 899.

13         Furthermore, in 2016, the Ninth Circuit applied the inherent conflict analysis in affirming

14  a bankruptcy court's denial of a motion to compel arbitration. *See In re EPD Inv. Co.*, 821 F.3d

15  at 1150. Navient argues *EPD* conflicts with Supreme Court precedent and is wrongly decided

16  (Dkt. No. 10 at 34.) This Court sees no such conflict. *EPD* was decided well after *CompuCredit*

17  and *Italian Colors*, and if the Supreme Court wanted to abandon inherent conflict as a

18  consideration, it would have done so explicitly in those prior cases. In *Italian Colors*, the Court

19  referenced *McMahon* without explicitly challenging any aspect of that ruling. 133 S. Ct. at 2309.

20  In *CompuCredit*, Justices Sotomayor and Kagan indicated that they did "not understand the

21  majority opinion to hold" that express preemption is required. 565 U.S. at 109 (Sotomayor, J.,

22  concurring in judgment). Therefore, this Court finds that the bankruptcy court's consideration of

23  the inherent conflict factor was appropriate.

24  //

25

26
    _____

        [1] Neither involved the Bankruptcy Code.

**B.  Bankruptcy Court's Application of the Inherent Conflict Factor**

Navient argues that even if inherent conflict is a relevant factor, the bankruptcy court abused its discretion in applying it. (Dkt. No. 10 at 37.) Navient seeks to arbitrate whether Farmer's loan is precluded from discharge as a qualifying education loan pursuant to 11 U.S.C. § 523(a)(8). (Dkt. No. 10-1 at 44, 60.); *see In re Coleman*, 560 F.3d 1000, 1004 (9th Cir. 2009) (discussing the non-dischargeability of such loans). It asserts that given the facts specific to this case—a single adversary proceeding to determine the dischargeability of debt owed to a single debtor—there is no inherent conflict between arbitration and the purpose of the Bankruptcy Code, as applied to this case. (Dkt. No. 14 at 7.)

The question before this Court is whether the matter to be arbitrated—dischargeability of the education loan—is a "'core [bankruptcy] proceeding.'" *In re EPD Inv. Co.*, 821 F.3d at 1150 (quoting *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1021 (9th Cir. 2012)). If so, the facts of this case are not relevant. *See In re Eber*, 687 F.3d 1123, 1130–31 (9th Cir. 2012) (quoting *In re Thorpe Insulation Co.*, 671 F.3d at 1021) ("allowing an arbitrator to decide . . . dischargeability would 'conflict with the underlying purposes of the Bankruptcy Code.").[2] Navient readily admits dischargeability of a debt is a core bankruptcy matter. (Dkt. Nos. 10 at 19, 39.); *see* 28 U.S.C. § 157(b)(2)(I) (describing "determinations as to the dischargeability of particular debts" as a "core proceeding"). Therefore, this Court finds that the bankruptcy court did not err in finding an inherent conflict between the Bankruptcy Code and arbitration of the dischargeability of Farmer's loan. On this basis, it did not abuse its discretion.

//

//

---

[2] Navient attempts to distinguish *Eber* on the basis that the dischargeability issue in that case fell within Congress's grant of exclusive jurisdiction, while Congress conferred concurrent jurisdiction to the bankruptcy court on the issue of student loan dischargeability. (Dkt. No. 14 at 15.) The Court does not find this to be a meaningful distinction.

1

**III.     CONCLUSION**

2

For the foregoing reasons, the bankruptcy court's order is AFFIRMED. The Clerk is

3

DIRECTED to close the case.

4

DATED this 16th day of October 2017.

5

6

7

8

9

John C. Coughenour
UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26